**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AOM Group LLC, et al., | No. CV-10-972-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| Fidelity Mortgage Financial, et al., | |
| Defendants. | |

Plaintiffs brought the pending action against Defendants Fidelity Mortgage Financial, Mortgage Electronic Registration Systems, Inc. ("MERS"), Christopher R. Perry, Ocwen Loan Servicing, LLC, Michael A. Bosco Jr., and HSBC Bank USA, N.A. in Maricopa County Superior Court. On May 4, 2010, Defendants MERS, Ocwen, and HSBC Bank removed this case to federal court on the ground that this Court has diversity jurisdiction and federal question jurisdiction over the case. Dkt. #2.

Plaintiffs, on May 7, 2010, filed a motion for remand and a request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Plaintiffs contend that MERS, Ocwen, and HSBC Bank's notice of removal was filed more than 30 days after those Defendants were served with the initial pleading in violation of 28 U.S.C. § 1446(b). Dkt. #6. In support of their motion for remand, Plaintiffs attached a copy of the return of service to Ocwen which is dated March 23, 2010, *see* Dkt. #6-1 at 2, a copy of the return of service to MERS which is dated March 24, 2010, *see* Dkt. #6-1 at 4, and a copy of the return of service to HSBC Bank which is dated March 23, 2010, *see* Dkt. #6-1 at 9. Plaintiffs further argue that each of these

Defendants signed for the certified mail no later than March 29, 2010, and that based on these dates, MERS, Ocwen, and HSBC Bank could not file their notice of removal after April 28, 2010. Plaintiffs contend that, because Defendants waited until May 4, 2010 to remove the case, their notice of removal was untimely. Dkt. #6. Plaintiffs further argue that the notice of removal is contrary to law, as their complaint does not state a federal question.

MERS, Ocwen, and HSBC Bank have failed to respond to Plaintiffs' motion to remand or to Plaintiffs' request for attorneys' fees as required by Local Rule 7.2(c), which states that the opposing party shall "have fourteen (14) days" to "file a responsive memorandum" to any motion. Under Local Rule 7.2(i), if a responsive memorandum is not timely filed, "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

The Court will deem MERS, Ocwen, and HSBC Bank's failure to respond as consent to the granting of Plaintiffs' motion pursuant to Local Rule 7.2(i). The Court will remand this case to state court. The Court will further grant Plaintiffs' request for reasonable attorneys' fees incurred as a result of MERS, Ocwen, and HSBC Bank's removal pursuant to 28 U.S.C. § 1447(c). Plaintiffs shall have until **July 16, 2010** to file memorandum in support of their request for attorneys' fees pursuant to Local Rule 54.2. MERS, Ocwen, and HSBC Bank shall have until **July 30, 2010** to file a response to the memorandum.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Dkt. #6) is **granted**.

2. The Clerk of Court shall remand this action.

DATED this 22nd day of June, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge